UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

J.T.,

       Plaintiff,

  v.

DISTRICT OF COLUMBIA,

       Defendant.

Case No. 24-cv-1400-RDM-MJS

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Plaintiff J.T.'s Motion to Compel Production of Educational Records. (ECF No. 14 ("Mot.").) Specifically, J.T. invokes 20 U.S.C. §§ 1415(b)(1) & 1415(i)(2)(C)(ii) to ask the Court—at this early stage of the litigation—to compel the District of Columbia to produce copies of what J.T. characterizes as "education records" for her son, V.T., including: (i) internal emails related to J.T. or V.T. and (ii) copies of V.T.'s class rosters. But this exact relief—production of these same categories of records—is a component of the ultimate relief J.T. seeks in this case. Moreover, the District's non-production of these records during the administrative process serves as one of J.T.'s arguments as to why the District reportedly violated the Individuals with Disabilities Education Act ("IDEA") in its dealings surrounding her son. In other words, although styled as a "motion to compel," J.T.'s motion is better understood as an attempted early bite at the summary-judgment apple on one of the ultimate issues in the case. This is procedurally inappropriate. The Court therefore **DENIES** the motion, without prejudice to J.T.'s ability to press her arguments on these (and other) matters at summary judgment.

1

## BACKGROUND

This case arises under the IDEA, 20 U.S.C. §§ 1400, *et seq*. In her complaint, J.T. challenges an administrative hearing officer decision and argues that the District of Columbia denied her teenage son, V.T., a free appropriate public education ("FAPE"). (*See generally* ECF No. 1 ("Compl.").) J.T.'s complaint alleges that the District violated the IDEA in several ways, including by "failing to provide … access to V.T.'s educational records." (*Id.* ¶ 1; *see also id.* ¶ 8 ("DCPS has not provided access to some of the educational records requested by the parents."); *id.*, Prayer for Relief ¶ 3 (asking the Court to "order DCPS to provide J.T. access to V.T.'s educational records").) Indeed, the propriety of the District's non-production of these records to J.T. was one of the enumerated issues that the parties presented to the hearing officer for determination during the administrative stage—*i.e.*, "[w]hether DCPS denied the student a FAPE by not providing copies of emails and redacted class rosters in response to the Parents' request … for access to their child's education records." (ECF No. 13-1 ("A.R.") at 9–10.)

On September 16, 2024, the parties submitted a joint proposed briefing schedule, which the Court adopted. (ECF No. 11; Oct. 1, 2024 Minute Order.) In keeping with that schedule, the parties filed the administrative record on September 30, 2024 (ECF No. 13), and J.T.'s motion for summary judgment was due to be filed on November 21, 2024. But a few weeks prior to that deadline, J.T. filed this motion to compel, as well as a consent motion to stay briefing until the motion to compel is resolved. (ECF Nos. 14, 15.) The Court granted the motion to stay. (Nov. 8, 2024 Minute Order.) The Court now turns to resolving the motion to compel.

## DISCUSSION

J.T. asks the Court to compel, under 20 U.S.C. §§ 1415(b)(1) & 1415(i)(2)(C)(ii), the District of Columbia to produce copies of what J.T. characterizes as "education records" for her

2

son, V.T., including internal emails and redacted copies of V.T.'s class rosters. (Mot. at 1.) The District opposes. Among other things, the District argues that J.T.'s motion is procedurally inappropriate at this juncture because it "seeks the ultimate relief sought as part of her challenge to the underlying administrative decision." (ECF No. 17 ("Opp'n") at 1.) The Court agrees.

As a starting point, J.T.'s "motion to compel" could be construed as a discovery motion, at least at first blush. This is largely how the District treated the motion in its opposition, and understandably so, considering that motions to compel arise routinely in the discovery context in civil litigation. On that score, while generally atypical, some limited discovery can sometimes be appropriate in cases under the IDEA. *See, e.g.*, *Rodriguez v. Indep. Sch. Dist. of Boise City*, 2013 WL 943838 (D. Idaho Mar. 11, 2013) (discussing the limited discovery procedures that can sometimes be available in IDEA cases); *Fagan v. Dist. of Columbia*, 136 F.R.D. 5 (D.D.C. 1991) (entertaining a discovery dispute in a case under the IDEA's predecessor statute). But on closer review, it becomes clear that "discovery" is not what J.T. seeks. J.T.'s submissions confirm that, even though she called her filing a "motion to compel," she is not seeking these records as part of discovery—in fact, her reply expressly disclaims any need to pursue discovery here. (ECF No. 18. ("Reply") at 4 ("The discovery process is unnecessary in this case.") (cleaned up).)

Instead, J.T. acknowledges that her "motion to compel" is akin to an early dispositive motion on one of her claims in this case. In response to the District's argument that J.T. violated Local Civil Rule 7(m) by failing to meet and confer before filing, for instance, J.T. says the rule only applies to "nondispositive motions," whereas her motion "would dispose of" the records-related relief she seeks in the complaint. (Reply at 2.) That statement alone proves the point. Beyond that, the bulk of J.T.'s briefing focuses on substantive arguments as to why she contends the contested records qualify as "education records" under the IDEA, and why the District

allegedly violated the statute by not producing them. (Mot. at 4–5; Reply at 5–11.) Again, that is one of the ultimate claims to be resolved here, against the governing standard of review.[1]

The standard of review is important as to why J.T.'s attempt to frontload her records claim is unavailing. An educational agency's failure to provide "education records" is "a procedural violation of the IDEA." *Malloy v. Dist. of Columbia*, 2022 WL 971208, at *5 (D.D.C. Mar. 30, 2022) (quoting *Simms v. Dist. of Columbia*, 2018 WL 4761625, at *21 (D.D.C. July 28, 2018)). And "[a] procedural violation creates a viable claim under the IDEA 'only if it affects the student's *substantive* rights." *Id.* (quoting *Lesesne ex rel. B.F. v. Dist. of Columbia*, 447 F.3d 828, 834 (D.C. Cir. 2006) (emphasis in original)) (cleaned up). In light of that governing framework, the Court believes it would be premature to address the merits of J.T.'s procedural "education records" claim now, divorced from a broader consideration of J.T.'s other substantive claims. And more broadly, the Court's overall review under the IDEA—including as to J.T.'s "education records" claim— must afford the hearing officer's administrative determination "due weight." *McNeil v. Dist. of Columbia*, 217 F. Supp. 3d 107, 113 (D.D.C. 2016) (explaining that a court reviewing an administrative hearing officer's decision under the IDEA does not exercise "unfettered de novo review") (citing *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982)); *Malloy*, 2022 WL 971208, at *5–8 (considering IDEA records claim under this standard).[2] For this reason, as well, the Court believes its review of the case will be most appropriately conducted against the backdrop of the

---

[1] Even if the Court construed J.T.'s motion as one seeking to compel discovery, it would likewise deny the motion because J.T. would be seeking to discover the very documents at the center of her claim. This would be somewhat comparable to a hypothetical plaintiff in a Freedom of Information Act ("FOIA") case filing a motion to compel discovery of the very records withheld by a federal agency in response to the plaintiff's FOIA request. Neither scenario presents an issue for "discovery," but rather one to be resolved on the merits.

[2] "Due weight" is not a rubber stamp, of course. The Court's review certainly still has some teeth. *See, e.g.*, *Malloy*, 2022 WL 971208, at *4 ("Judicial review under IDEA is more rigorous than in typical agency cases.") (cleaned up); *McNeil*, 217 F. Supp. 3d at 114 ("[W]hile a certain amount of deference should be accorded … courts do not need to defer to a decision that lacks reasoned and specific findings.").

full administrative record—with the benefit of all the parties' various arguments surrounding all of J.T.'s challenges—rather than piecemeal, as J.T. proposes here.

Separately, if what J.T. intended to request was a bifurcated briefing schedule for certain of her claims, that approach fares no better. For one thing, the idea of bifurcated briefing is contrary to the joint briefing schedule the parties previously negotiated and proposed to the Court. That proposal contemplated—as is true in most IDEA cases litigated in this courthouse—a single round of briefing directed at all the claims in the case. (*See* ECF No. 10.) J.T. misses the mark in arguing that the District acquiesced to a new bifurcated briefing schedule by consenting to stay the current briefing deadlines until this motion was resolved. (Reply at 3.) J.T.'s argument rings particularly disingenuous coming on the heels of the District's opposition, which repeatedly voices the District's disagreement to frontloading the "education records" issue raised through J.T.'s motion. (*See generally* Opp'n.) Furthermore, even if the Court were to recast J.T.'s filing as a motion to bifurcate, the Court would deny the motion all the same. For many of the same reasons the Court has explained, "[b]ifurcation is not in the interests of efficacy or judicial economy." *Reps. Comm. for Freedom of the Press v. United States Customs & Border Patrol*, 2018 WL 11672683, at *1 (D.D.C. Dec. 7, 2018) (declining a motion to bifurcate in a Freedom of Information Act case).[3]

As the Court noted at the outset, this ruling should not be construed as expressing any substantive views on the merits of J.T.'s "education records" claim. The parties should fully brief that claim—along with J.T.'s other claims—as part of their previously negotiated briefing process,

---

[3] The inefficiencies associated with bifurcation would be particularly amplified here because of the nature of the limited referral to the undersigned. *See* LCvR 72.3. Given J.T.'s acknowledgement that she is seeking a ruling on a dispositive issue, if the Court addressed the merits of the "education records" claim, its ruling would need to take the form of a report and recommendation, following which each side would have an opportunity to file objections to be resolved by the District Judge, after which the parties would be required to repeat that multi-step process anew with respect to J.T.'s remaining claims, through a new round of summary-judgment briefing. This approach would not create efficiencies, it would eschew them.

and J.T. remains free to renew any and all arguments in support of her claim at that juncture (and the District remains free to do the same, of course). But J.T.'s attempt to compel, at this early stage, the very records at the heart of her "education records" claim is misplaced and will be denied.

## CONCLUSION

For the reasons explained, the Court **ORDERS** as follows:

1. J.T.'s motion to compel (ECF No. 14) is **DENIED**.

2. The Court's temporary stay (*see* Nov. 8, 2024 Minute Order) is **LIFTED**.

3. The Court sets the following briefing schedule moving forward:

    a. Plaintiff's Motion for Summary Judgment due by **January 13, 2025**;

    b. Defendant's Opposition and Cross-Motion due by **March 14, 2025**;

    c. Plaintiff's Opposition and Reply due by **April 14, 2025**; and

    d. Defendant's Reply due by **May 5, 2025**.

**SO ORDERED.**

Dated: December 11, 2024

                                                MATTHEW J. SHARBAUGH
                                                United States Magistrate Judge